UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VALHALLA INVESTMENT PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 502, LLC, et al., <br><br> Defendants. | Case No. 3:19-cv-00318 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Before the Court in this action brought under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, is Plaintiff Valhalla Investment Properties, LLC's motion for leave to file a second amended complaint. (Doc. No. 34.) Defendants 502, LLC, William E. Kantz, Jr., and John Bradfield Scarbrough oppose Valhalla's motion. (Doc. No. 39.) Their primary argument in opposition is that the proposed amendments are futile for the same reasons argued in their pending motion to dismiss—that Valhalla fails to state a claim for violation of the FDCPA because the loan at the heart of this case does not qualify as a "consumer debt" under that statute and, therefore, the FDCPA is inapplicable. (*Id.*) Because the defendants' futility arguments are better resolved in the context of a dispositive motion, and for the reasons below, Valhalla's motion for leave to file a second amended complaint will be granted.

**I.  Relevant Background**

This action arises out of a dispute over a condominium in Nashville, Tennessee, owned by Flex Yield Investments, LLC (FYI), which is an entity comprised of members Valhalla, Kantz, and Henry S. Hood; a loan that FYI received from First Bank; and several business relationships

gone wrong. Valhalla initiated this action on April 19, 2019 (Doc. No. 1), and filed an amended complaint as a matter of course on April 29, 2019 (Doc. No. 8). The amended complaint alleges claims for breach of contract against Kantz; violation of the FDCPA against Scarbrough; interference with business relations against Kantz, Scarbrough, and 502, LLC; fraud, misrepresentation, and fraudulent conveyance against Kantz; and civil conspiracy against Kantz, Scarbrough, and 502, LLC. (*Id.*) Valhalla seeks equitable and injunctive relief, an accounting of FYI's finances, and monetary damages. (*Id.*)

On June 13, 2019, the defendants file a motion to dismiss Valhalla's amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 11.) They argue, among other things, that Valhalla cannot state a claim under the FDCPA because that statute only applies to consumer debts and the debts alleged in the amended complaint are commercial or business debts. (Doc. No. 12.) They further argue that Scarbrough cannot be held liable under the FDCPA because he does not qualify as a "debt collector" under the statute. (*Id.*) The defendants therefore ask the Court to dismiss Valhalla's FDCPA claim and decline to exercise jurisdiction over the remaining claims in the amended complaint which are brought under state law. (*Id.*)

On August 12, 2019, shortly after the defendants' motion to dismiss was fully briefed, Valhalla moved for leave to amend under Federal Rule of Civil Procedure 15(a)(2) (Doc. No. 34), and attached a proposed second amended complaint to its motion (Doc. No. 34-1). The proposed second amended complaint adds FDCPA and fraud claims against 502, LLC, and includes additional factual details. (Doc. No. 34-1.) The defendants oppose these amendments, arguing that they are futile because they "could not withstand a motion to dismiss for the very same reasons that the operative Amended Complaint cannot withstand the currently pending Motion to Dismiss." (Doc. No. 39, PageID# 774 (citations omitted).) Indeed, the defendants' brief in

2

opposition to the motion to amend incorporates by reference their motion to dismiss briefing. (*Id.* at PageID# 776.)

II.  **Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Although the Sixth Circuit "reviews denials of leave to amend only for abuse of discretion," its case law "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

III.  **Analysis**

Futility is the central ground on which the defendants oppose Valhalla's proposed second amended complaint. (Doc. No. 39.) Because futility arguments in this context are functionally dispositive, courts in this circuit recognize that they present something of a "conceptual difficulty" when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive

motions. *Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (citing 28 U.S.C. § 636(b)(1)(A)); *see also Wischermann Partners, Inc. v. Nashville Hosp. Capital LLC*, No. 3:17-0849, 2018 WL 2684641, at *2 (M.D. Tenn. June 5, 2018) (quoting *Durthaler*, 2011 WL 5008552, at *4). This is particularly true where, as here, the parties have raised the same legal issues in a dispositive motion that is concurrently pending before the district judge. Under these circumstances, at least where the proposed amended "claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4.

The defendants' arguments in favor of dismissal and in opposition to the proposed amendments turn on whether or not the FDCPA applies to the facts of this case. The Court finds that the defendants will not be unduly prejudiced by allowing an amended pleading under these circumstances. Further, allowing the defendants' substantive legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural contexts.

**IV.     Conclusion**

For these reasons, Valhalla's motion for leave to file a second amended complaint (Doc. No. 34) is GRANTED. The Clerk of Court is DIRECTED to file the second amended complaint (Doc. No. 34-1) and accompanying exhibits (Doc. Nos. 34-2–34-12) as a separate docket entry.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

4