UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| VALHALLA INVESTMENT PROPERTIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>502, LLC, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00318<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This action concerns the sale of a condominium in Nashville, Tennessee, owned by Flex Yield Investments, LLC (FYI). (Doc. No. 63.) Plaintiff Valhalla Investment Properties, LLC, is a member of FYI, and alleges that fellow member Defendant William E. Kantz, Jr., sold the condominium in violation of FYI's operating agreement with the aid of Defendants 502, LLC, and attorney John Bradfield Scarbrough. (*Id.*) Valhalla has filed a motion for early discovery, seeking access to various records from FYI (Doc. No. 30) and a related motion for judicial notice (Doc. No. 31). For the reasons that follow, those motions will be denied.

**I.    Background**

    **A.    Factual History**[1]

FYI is a Delaware limited liability corporation comprised of members Valhalla, Kantz, and Henry S. Hood. (Doc. No. 63.) On March 12, 2009, the three members entered into an operating agreement under which FYI may only undertake certain actions, including the sale or acquisition

---

[1]    These facts are taken from Valhalla's second amended complaint. (Doc. No. 63.)

of real estate, with the authorization of its members. (*Id.*) In February 2013, the only real estate that FYI owned was a condominium (Unit 502) in Nashville. (*Id.*) Given personal financial difficulties, Kantz needed income and wanted to sell Unit 502, but neither Valhalla nor Hood agreed. (*Id.*) Instead, FYI's members agreed to obtain a loan from First Tennessee Bank, secured by an interest in Unit 502 and FYI's other assets. (*Id.*) The proceeds of the loan were distributed among FYI's members for their personal use. (*Id.*)

Kantz's financial problems persisted, and he sought control of FYI and its remaining assets, repeatedly offering to buy Valhalla's and Hood's interests in Unit 502 at below-market prices. (*Id.*) Valhalla and Hood declined. (*Id.*) Allegedly in retaliation, beginning in the fall of 2017, Kantz refused to lease Unit 502, which deprived FYI of income needed to pay the First Tennessee Bank loan. (*Id.*) Eventually, as a result of FYI's worsening financial condition, all three FYI members agreed to sell Unit 502 for $650,000.00. (*Id.*) However, Valhalla conditioned its willingness to sell on an assurance from Kantz that he would provide a proper accounting of the sale. (*Id.*) Kantz rejected Valhalla's terms, and the sale fell through. (*Id.*)

FYI defaulted on the First Tennessee Bank loan in August 2018, and a foreclosure sale of Unit 502 was scheduled for October 15, 2018. (*Id.*) After efforts to agree on a non-foreclosure sale of Unit 502 were again fruitless, and to prevent the foreclosure from taking place, Valhalla successfully petitioned for FYI to be placed under Chapter 11 bankruptcy protection. (*Id.*; Doc. No. 63-10.) Valhalla and Kantz agreed to voluntarily dismiss the bankruptcy proceeding, which closed on March 12, 2019. (Doc. No. 63.) While the bankruptcy proceeding was pending, and unbeknownst to Valhalla, Kantz formed 502, LLC, with the help of Scarbrough. (*Id.*) 502, LLC, purchased the defaulted Tennessee First Bank loan, acquired the deed of trust securing Unit 502, and set out to force a foreclosure sale. (*Id.*) The sale took place on April 22, 2019, and Unit 502

was purchased for $530,000.00—$120,000.00 below market value. (*Id.*) Since the sale, Valhalla has not had access to the proceeds of the sale or any of FYI's records. (*Id.*) Kantz has denied Valhalla's repeated requests for an accounting of FYI, which Valhalla alleges is in violation of Delaware law and FYI's operating agreement. (*Id.*)

**B. Procedural History**

**1. Commencement of the Action and the Defendants' First Motion to Dismiss**

Valhalla initiated this action on April 19, 2019, by filing a complaint that named 502, LLC, Kantz, and Scarbrough as defendants. (Doc. No. 1.) The complaint alleged the following claims:

- Count I asserted that Kantz's conduct in forcing the sale of Unit 502 constituted a beach of FYI's operating agreement. (*Id.*)

- Count II asserted that all defendants interfered with Valhalla's business relationship with FYI. (*Id.*)

- Count III asserted that Scarbrough violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, when he aided Kantz and 502, LLC, in acquiring the First Tennessee Bank loan and forcing a foreclosure sale of Unit 502. (*Id.*)

- Count IV asserted that all defendants engaged in a civil conspiracy to wrongfully interfere with Valhalla's contracts and business relationships. (*Id.*)

- Count V sought injunctive relief against all defendants, including an order enjoining them from violating FYI's operating agreement or interfering with Valhalla's business relationship with FYI. (*Id.*)

- Count VI sought an accounting of FYI's assets and expenditures. (*Id.*)

Valhalla filed an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1) on April 29, 2019, before any defendant had been served. (Doc. No. 8.) The amended complaint added FYI as a "[n]ominal" plaintiff (*id.* at PageID# 97) and included a fraud claim against Katz (Doc. No. 8).

3

The defendants responded to the amended complaint by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11.) The defendants argued that Valhalla's claims fail for several reasons.[2] First, the defendants argued that Valhalla is a foreign LLC transacting business in Tennessee without a certificate of authority and therefore lacks standing to bring this action under Tennessee Code Annotated § 48-249-913(a). (Doc. No. 12.) Second, the defendants argued that Valhalla lacks statutory standing to assert claims under the FDCPA and that, regardless, the FDCPA does not apply to Valhalla's allegations. (*Id.*) Third, the defendants argued that the Court should decline to exercise supplemental jurisdiction over Valhalla's state-law claims. (*Id.*) Alternatively, the defendants argued that Valhalla's remaining state-law claims fail as a matter of law. (*Id.*) Valhalla responded in opposition, arguing that it has standing under the relevant statutes and that it has adequately pleaded each cause of action. (Doc. No. 23.) The defendants filed a reply. (Doc. No. 29.)

The Court held an initial case management conference on July 23, 2019. (Doc. No. 27.) At that conference, the parties agreed that there would be no discovery until after the Court ruled on the defendants' motion to dismiss. (Doc. No. 33.) Based on the Court's review of the parties' proposed case management order, the defendants' motion to dismiss, and the parties' representations at the conference, the Court continued the conference to December 3, 2019. (Doc. No. 27.)

### 2. Valhalla's Emergency Motion for Discovery

Valhalla filed the pending motion for early discovery, which Valhalla labelled an emergency motion, six days after the initial case management conference, arguing that there is

---

[2] The defendants also argued that the amended complaint's reference to FYI as a nominal plaintiff is inadequate to join FYI as a party in this action. (Doc. No. 12.)

good cause to allow early discovery in this action. (Doc. No. 30.) Valhalla acknowledges that discovery is not typically allowed before the parties have conferred as required by Federal Rule of Civil Procedure 26(f), but argues that Rule 26(d)(2) allows Valhalla to serve a request for production before a Rule 26(f) conference has taken place. (*Id.*) The early discovery Valhalla seeks includes "FYI's accounting and other company records and assets including, but not limited to, wire transfers, financial statements, bank statements, deposit slips and cancelled checks, cash receipts and disbursements ledgers, loan [d]ocuments, and other pertinent company financial information." (*Id.* at PageID# 428.) Valhalla states that its amended complaint "clearly demands such accounting and access rights." (*Id.*) Valhalla argues that Kantz is required to provide the information that Valhalla seeks but has repeatedly denied Valhalla access to it. (Doc. No. 30.) Finally, Valhalla argues that, without the requested early discovery, it will not be able to prepare its 2018 tax returns. (*Id.*) Valhalla also filed a motion requesting that the Court take judicial notice of various documents (Doc. No. 31), most of which concern other lawsuits involving Kantz (Doc. Nos. 31-1–31-9).

The defendants responded in opposition to Valhalla's motion. (Doc. No. 33.) The defendants concede that Rule 26(d)(2) allows for service of requests for production before the Rule 26(f) conference but argue that such requests are not considered served for purposes of calculating the served party's time to respond until the Rule 26(f) conference has taken place. (*Id.*) The defendants argue that, because there has been no Rule 26(f) conference, Valhalla can only obtain the early discovery it seeks upon a showing of good cause, which Valhalla has not made. (*Id.*) The defendants also argue that discovery should be postponed until after the Court resolves their

motion to dismiss, consistent with the parties' agreement at the initial case management conference.³ (*Id.*)

In its reply, Valhalla does not respond directly to any of the defendants' arguments. (Doc. No. 36.) Instead, Valhalla argues, for the first time, that the defendants challenged the Court's subject-matter jurisdiction in their motion to dismiss and that the early discovery Valhalla seeks is necessary to resolve that challenge. (*Id.*) Appended to Valhalla's reply "is a proposed discovery request to Defendants concerning Valhalla's access and inspection rights, Defendants' factual allegations in this case, and the jurisdiction of the Court to hear and decide this cause." (*Id.* at PageID# 723 n.7; Doc. No. 36-7).

Valhalla timely filed a supplement to its motion, reiterating its claim that it is entitled to the records it seeks and that such records are necessary to resolve the defendants' jurisdictional challenge. (Doc. No. 48.) Valhalla also argues, for the first time, that, in addition to FYI's records, "502, LLC's accounting books and records and bank accounts should be opened up for inspection . . . ." (*Id.* at PageID# 873.) The defendants respond that Valhalla still has not shown good cause for the requested early discovery. (Doc. No. 50.) They also argue that Valhalla has failed to explain how any of the discovery it seeks relates to the Court's jurisdiction. (*Id.*) The defendants reiterate that it would be inappropriate to allow the requested discovery until after the motion to dismiss is resolved. (*Id.*) Without leave of Court, Valhalla filed a reply in support of its supplement. (Doc. No. 53.)

---

³ The defendants also request, without citing any legal authority, that the "Court order that Valhalla be responsible for the Defendants' attorneys fees [*sic*] incurred related to the [motion for early discovery]." (Doc. No. 33, PageID# 505.) This request is not properly before the Court and will not be addressed. *See* Fed. R. Civ. P. 7(b)(1) (providing that "[a] request for a court order must be made by motion"); *see also* M.D. Tenn. R. 7.01(a)(2) (motion and supporting memorandum) ("[E]very motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities . . . .").

### 3. Valhalla's Second Amended Complaint and the Defendants' Renewed Motion to Dismiss

While the parties were briefing the motion for early discovery, Valhalla filed a motion for leave to amend the complaint (Doc. No. 34) and a proposed second amended complaint (Doc. No. 34-1). The proposed second amended complaint adds FDCPA and fraud claims against 502, LLC, and includes additional factual details that, according to Valhalla, "help to clarify the issues for discovery purposes and for trial in this case . . . ." (Doc. No. 34, PageID# 507). The defendants responded in opposition, arguing that the claims in the proposed second amended complaint fail as a matter of law for the same reasons articulated in the defendants' motion to dismiss the amended complaint and that granting leave to amend would be futile. (Doc. No. 39.)

In a March 2, 2020 order, the Magistrate Judge found that the defendants' futility argument overlapped with the arguments raised in the motion to dismiss pending before the District Judge. (Doc. No. 62.) The Magistrate Judge concluded that, given such a posture, futility arguments present "a 'conceptual difficulty'" that is usually best resolved by granting leave to amend and "'allow[ing] the merits of the claim[s] to be tested before the District Judge by way of a motion to dismiss.'" (Doc. No. 62, PageID# 1108–09 (quoting *Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011)).) Thus, rather than reach the merits of Valhalla's claims in ruling on the motion to amend, the Magistrate Judge granted Valhalla leave to amend so that the District Judge could consider the merits of the second amended complaint in ruling on a renewed motion to dismiss. (Doc. No. 62.) In light of the second amended complaint's filing, the Magistrate Judge directed the Clerk of Court to administratively terminate the defendants' motion to dismiss without prejudice to refiling and ordered the defendants to respond to the second amended complaint in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules. (Doc. Nos. 62, 64.) The defendants have timely filed

a motion to dismiss the second amended complaint (Doc. No. 65), in which they renew the arguments raised in the first motion to dismiss (Doc. No. 66).

## II. Analysis

### A. Valhalla's Motion for Early Discovery

Rule 26(d) governs the timing of discovery and provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). To confer as required by Rule 26(f), "the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(2). Within fourteen days of the conference, the parties must jointly submit a written report outlining their discovery plan. *Id.* One exception to Rule 26(d)(1)'s general pre-conference moratorium on discovery is that a party may deliver a request for production of documents under Rule 34(a) to another party prior to the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(2)(A); *see also* Fed. R. Civ. P. 26(d) advisory committee's note to 2015 amendment ("This relaxation of the discovery moratorium is designed to facilitate focused discussion during the Rule 26(f) conference[,]" which "may produce changes in the requests."). However, such a request is not considered served for the purpose of determining the time to file a Rule 34(b) response until the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2)(B).

Courts confronted with requests to allow discovery before the Rule 26(f) conference typically ask whether there is good cause to justify such early discovery. *See Lashuay v. Delilne*, No. 17-cv-13581, 2018 WL 317856, at *3 (E.D. Mich. Jan. 8, 2018) (applying good cause standard

to motion requesting early discovery); *Wilson v. Gordon*, No. 3:14-1492, 2014 WL 12788888, at *3 (M.D. Tenn. Aug. 14, 2014) (same); 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046 (3d ed. updated Aug. 2019) ("[C]ourts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). "Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendants." *Wilson*, 2014 WL 12788888, at *3. Such need commonly arises "'in cases involving requests for injunctive relief, challenges to personal jurisdiction, class actions, and claims of infringement and unfair competition.'" *Lashuay*, 2018 WL 317856, at *3 (quoting *In re Paradise Valley Holdings, Inc.*, No. 03-34704, 2005 WL 3841866, at *2 (Bankr. E.D. Tenn. Dec. 29, 2005)); *see also* Fed. R. Civ. P. 26(d) advisory committee's note to 1993 amendment (explaining that early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction"). The decision to authorize early discovery lies within the sound discretion of the trial court, *see Luxottica Retail N. Am., Inc. v. Vision Serv. Plan*, No. 1:14-cv-581, 2014 WL 4626015, at *4 (S.D. Ohio Sept. 12, 2014), and, ultimately, "depend[s] on the specific justifications offered in support of the application[,]" 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046 (3d ed. updated Aug. 2019). Accordingly, "the party requesting the expedited discovery bears the burden . . . of establishing the need for the request . . . ." *Skylink Ltd. v. UniTek Glob. Servs., Inc.*, No. 3:13-cv-02103, 2014 WL 104896, at *1 (N.D. Ohio Jan. 9, 2014).

Valhalla argues that early discovery is warranted for three reasons: (1) Valhalla needs the requested discovery so that it can complete its 2018 tax return; (2) Valhalla is entitled to the requested discovery under Delaware law and FYI's operating agreement; and (3) the requested

9

discovery will help resolve what Valhalla interprets as a challenge to the Court's subject-matter jurisdiction raised in the defendants' Rule 12(b)(6) motion to dismiss. None of these reasons offers good cause to allow early discovery, and the Court finds no reason to depart from the agreement reached at the initial case management conference that discovery not begin until the defendants' motion to dismiss is resolved.

Neither the completion of Valhalla's 2018 tax return nor Valhalla's asserted entitlement to the requested discovery under Delaware law constitutes good cause for early discovery. The purpose of discovery under the Federal Rules of Civil Procedure is to advance the resolution of cases on their merits, not to help corporations file their taxes. Valhalla's argument that it should be entitled to early discovery to inspect FYI's books and records and obtain an accounting of FYI's operations because it is entitled to that information under state law mirrors its ultimate claims for relief in this action. For example, Count VII of the second amended complaint asserts that "Valhalla is entitled to inspect the books and records of FYI and obtain an accurate accounting of FYI's operations[.]" (Doc. No. 63, PageID# 1147, ¶ 157.) Count VII requests access to various FYI records, many of them the same ones in Valhalla's early discovery request.[4] (Doc. No. 63.) Valhalla ultimately may prevail on those claims, but they will not be litigated in early discovery.

Limited early discovery may often be useful to resolve a challenge to the Court's subject-matter jurisdiction. *See Hohman v. Eadie*, 894 F.3d 776, 787 (6th Cir. 2018). But no such jurisdictional challenge has been made in this case. The defendants have moved to dismiss under Rule 12(b)(6), not Rule 12(b)(1), and they do not argue that Valhalla's FDCPA claims are "wholly

---

[4] Specifically, for the years 2010 through 2019, Valhalla seeks an accounting of "actual evidence of all sums expended and received by FYI; all monies loaned to and from FYI, FYI members and third parties; all assets acquired and disposed of by FYI (including capital improvements); all liabilities incurred or paid by FYI; and the capital account balances for all FYI members." (Doc. No. 63, PageID# 1148, ¶ 160.)

insubstantial and frivolous[,]" *Bell v. Hood*, 327 U.S. 678, 682–83 (1946), such that the Court lacks federal-question jurisdiction over this action. (Doc. Nos. 65, 66.) Accordingly, the question of whether Valhalla has stated a claim under the FDCPA is not jurisdictional. The defendants also argue, among other things, that Valhalla lacks statutory standing under Tennessee Code Annotated § 48-249-913(a) and § 1692k(a) of the FDCPA. (Doc. No. 66.) But statutory standing "asks 'whether *this* plaintiff has a cause of action under the statute[,]'" a question that "is closely related to the merits inquiry (oftentimes overlapping it) and is analytically distinct from the question whether a federal court has subject-matter jurisdiction to decide the merits of a case." *Roberts v. Hamer*, 655 F.3d 578, 580 (6th Cir. 2011) (emphasis in original) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 n.2 (1998)); *see also id.* (explaining that an analysis of statutory standing "'depends not on the quality or extent of [plaintiff's] injury,' as does the inquiry under Article III standing, 'but on whether the class of litigants of which [plaintiff] is a member may use the courts to enforce the right at issue[.]'" (quoting *Davis v. Passman*, 442 U.S. 228, 239 n.18 (1979))). Accordingly, statutory standing is "a matter of statutory construction, not jurisdiction." *Id.* at 581; *see also Anarion Invs., LLC v. Carrington Mortg. Servs.*, No. 3:14-cv-00012, 2016 WL 1306236, at *5 (M.D. Tenn. Apr. 4, 2016) (treating defendant's challenge to plaintiff's ability to sue under § 1692k(a) as an issue of non-jurisdictional statutory standing that was appropriately raised via a motion to dismiss under Rule 12(b)(6)), *aff'd sub nom. Anarion Invs., LLC v. Carrington Mortg. Servces, LLC*, 682 F. App'x 459 (6th Cir. 2017). There is no jurisdictional challenge to justify Valhalla's early discovery request.

Further, even if the defendants' challenge to Valhalla's standing were construed as jurisdictional, Valhalla has not explained how any of the requested discovery would be relevant to that challenge. The defendants claim that Valhalla lacks standing under Tennessee Code Annotated

§ 48-249-913(a) because Valhalla is "[a] foreign LLC transacting business in [Tennessee] without a certificate of authority . . . ." Tenn. Code Ann. § 48-249-913(a). It is not clear how the discovery that Valhalla has requested of FYI financial records would help resolve that issue. The relationship between Valhalla's requested discovery and the defendants' challenge to Valhalla's standing to sue under § 1692k(a) is similarly not apparent. Under that section, a "person" may only hold a "debt collector" liable for violations of the FDCPA that occur "with respect to" that person. 15 U.S.C. § 1692k(a). The defendants argue that Valhalla lacks statutory standing because the First Tennessee Bank loan is not a debt within the meaning of the FDCPA and therefore neither 502, LLC, nor Scarbrough can be held liable as debt collectors. (Doc. No. 66.) The defendants also argue that, even assuming that were not the case, any violations of the FDCPA took place with respect to FYI, not Valhalla, and therefore Valhalla lacks statutory standing to hold the defendants liable. (*Id.*) Valhalla has not explained how any of the requested discovery would enable it to refute the defendants' arguments concerning statutory standing. Finally, Valhalla's repeated and conclusory claims that jurisdictional discovery is needed are especially unpersuasive given that, in replying to the challenge to Valhalla's standing that the defendants raised in opposing Valhalla's motion to amend, Valhalla stated that "its proposed [second] amended complaint contains sufficient allegations supporting its standing to sue . . . ." (Doc. No. 40, PageID# 787.) Valhalla concluded, again without explanation, that the requested early discovery would simply provide "additional confirmation" of its standing. (*Id.*)

In sum, Valhalla has not carried its burden to establish the need for early discovery. This action does not present any of the circumstances that often justify early discovery—this is not a class action lawsuit and there is no pending motion for preliminary injunctive relief, no challenge to the Court's jurisdiction, and no claim of unfair competition or infringement. *See Lashuay*, 2018

WL 317856, at *3. Further, as the defendants emphasize, the parties agreed that discovery should be stayed pending resolution of the defendants' motion to dismiss. Valhalla's motion for early discovery will therefore be denied and, consistent with the parties' agreement at the ICMC, discovery will continue to be stayed pending resolution of the defendants' motion to dismiss.

B. **Valhalla's Motion for Judicial Notice**

Valhalla's motion for judicial notice (Doc. No. 31) asks the Court to consider the following documents in ruling on the motion for early discovery: several filings from other lawsuits involving Kantz (Doc. Nos. 31-1–31-5); FYI's redacted 2009 tax return (Doc. No. 31-6); Delaware Department of State webpages showing the corporate status of Valhalla and FYI (Doc. Nos. 31-7, 31-8); and a Tennessee Department of State document showing the dissolution of WK3 LLC, a corporation affiliated with Kantz (Doc. No. 31-9).[5] Valhalla references these documents in its motion for early discovery to provide background information but does not explain their relevance to the question of good cause. The only effort at such an explanation comes in the reply that Valhalla filed, without leave of Court, in support of its supplement to the motion for early discovery. There, Valhalla states that "the [defendants'] shell entity activities, litigation stratagem and use of false narratives in other state and federal court cases" are relevant to Valhalla's request for jurisdictional discovery because they show a pattern of conduct Valhalla argues is repeated in this case. (Doc. No. 53, PageID# 931.) To the extent that there are any parallels between this case

---

[5] In its extensive briefing of the motion for early discovery, Valhalla has requested, in footnotes, that the Court take judicial notice of various other filings from litigation involving Kantz. (Doc. Nos. 48, 53.) These oblique requests for judicial notice are not properly before the Court. *See* Fed. R. Civ. P. 7(b)(1) (providing that "[a] request for a court order must be made by motion"); *see also Fischer v. Ocwen Loan Servicing, LLC*, No. CV-14-94, 2014 WL 6685987, at *3 (D. Mont. Nov. 25, 2014) (declining to consider request for judicial notice that was not made in a motion), *report and recommendation adopted by* 2014 WL 11498231 (D. Mont. Dec. 11, 2014). Regardless, as explained below, Valhalla has not shown that the documents it wants the Court to consider are relevant to resolution of its request for early discovery.

and the others Valhalla cites, which is not clear to the Court, Valhalla has not articulated how such parallels would be relevant to the Court's good-cause analysis. Having reviewed the documents appended to Valhalla's motion for judicial notice, the Court finds that they are not relevant to resolution of Valhalla's request for early discovery, and therefore that motion will be denied. *Cf. Cece v. Wayne Cty.*, 758 F. App'x 418, 425 (6th Cir. 2018) (declining to take judicial notice of expiration of collective bargaining agreements where the issue of expiration was irrelevant to the court's resolution of motion for summary judgment); *Tenn. Clean Water Network v. Tenn. Valley Auth.*, 206 F. Supp. 3d 1280, 1306 (M.D. Tenn. 2016) (granting request for judicial notice "insofar as the cited materials [were] relevant to the consideration of the [motion for summary judgment]").

**III.     Conclusion**

For the foregoing reasons, Valhalla's motion for early discovery (Doc. No. 30) and motion for judicial notice (Doc. No. 31) are DENIED. Consistent with the parties' agreement at the ICMC, discovery will continue to be stayed pending resolution of the defendants' motion to dismiss.

It is so ORDERED.

                                                                                    _____
                                                                                    ALISTAIR E. NEWBERN
                                                                                    United States Magistrate Judge