# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VALHALLA INVESTMENT PROPERTIES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:19-cv-00318 ) ) |
| 502, LLC, WILLIAM E. KANTZ, JR. and JOHN BRADFIELD SCARBROUGH, | ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM ORDER

Defendants 502, LLC; William E. Kantz, Jr.; and John Bradfield Scarbrough have filed a motion seeking an award of attorney's fees under 28 U.S.C. § 1927 as a sanction for the alleged misconduct of counsel for Plaintiff Valhalla Investment Properties, LLC.[1] (Doc. No. 87.) Valhalla has responded in opposition (Doc. No. 94), and Defendants have filed a reply (Doc. No. 95). For the following reasons, Defendants' motion will be denied without prejudice.

**I.       Legal Standard**

Section 1927 provides district courts with discretion to sanction any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" by requiring the attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Sixth Circuit has held that courts may exercise this

---

[1]       Defendants nominally invoke Federal Rule of Civil Procedure 54 and this Court's Local Rule 54.01 in their motion (Doc. No. 87). Because Defendants' memorandum of law addresses only 28 U.S.C. § 1927, the Court limits its analysis to that statute.

discretion "even in the absence of any 'conscious impropriety.'" Hall v. Liberty Life Assurance Co. of Boston, 595 F.3d 270, 275 (6th Cir. 2010) (quoting Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 396 (6th Cir. 2009)). Accordingly, "[t]he lawyer need not have 'subjective bad faith' but must act with 'something more than negligence or incompetence.'" Carter v. Hickory Healthcare Inc., 905 F.3d 963, 968 (6th Cir. 2018) (quoting Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006) (Red Carpet Studios)). The inquiry is "whether 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims[,]'" Hall, 595 F.3d at 275–76, and whether the attorney's conduct therefore "falls short of the obligations owed by a member of the bar to the court[,]" Carter, 905 F.3d at 968 (quoting Red Carpet Studios, 465 F.3d at 646). The purpose of § 1927 "is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." Red Carpet Studios, 465 F.3d at 646.

**II.     Analysis**

In one of the first orders issued in this case, the Court found that

> [b]oth parties' briefs regarding Valhalla's motion contain language directed at opposing counsel that is inflammatory, unprofessional and unwarranted. There is a line between "[v]igorous representation" and "*ad hominem* insults addressed to . . . opposing counsel[,]" and the parties are in danger of crossing it here. United States v. Houston, 205 F. Supp. 2d 856, 876 (W.D. Tenn. 2002). This case is in its earliest stages, and the Court expects that, going forward, all counsel will conduct themselves with the courtesy and civility required of them as members of its Bar.

(Doc. No. 20, PageID# 337.)

Several months later, the Court was forced to remind the parties "that this Court is not a forum for the airing of personal disputes. All filings shall address the merits of the litigation only." (Doc. No. 47, PageID# 869.) And so it continued until the Court dismissed this action between "former business partners whose relationship has soured, and who have subsequently learned to hate each other." (Doc. No. 81, PageID# 1499.) Now, Defendants move for sanctions under 28

2

U.S.C. § 1927 against Scott D. Johannessen, Valhalla's counsel, its sole corporate member, and Defendants' former business partner in the ill-fated real estate venture that spawned this case.

Defendants' motion is not without foundation in the record. The Court has previously deemed Johannessen's filings "verbose and invective-laden." (Doc. No. 81, PageID# 1499.) "Operatic" would also have been apt. Certainly, Johannessen's approach to this litigation has increased the number of pages in the docket exponentially. But the Court returns to its initial characterization of this litigation as a business deal gone bad. While Johannessen has been far more prolific in broadcasting it, the ill will in this case has been apparent on all sides. Accordingly, the Court finds, in its discretion, that the sanction of fees against Johannessen under § 1927 is not warranted.

One coda is required: The Court is extremely troubled by Johannessen's characterization of this case in his response in opposition to Defendants' motion as "in its nascent stages," going on to assert that "Defendants have not successfully challenged with competent evidence the underlying facts of Valhalla's case or its several claims. Valhalla's substantive claims remain inviolate." (Doc. No. 94, PageID# 1596.) That assertion is confounding. This case is finished. Final judgment has been entered. (Doc. No. 83.) That judgment has been affirmed on appeal. (Doc. Nos. 92, 93.) Accordingly, should Johannessen try to reanimate the corpse of this action, ignoring what the Sixth Circuit has made clear—"No natural person, no FDCPA protection. In short, no relief." (Doc. No. 92, PageID# 1588)—Defendants may move to reopen the case and refile their motion. Until such time—which the Court fervently hopes does not arrive—may this action rest in peace.

Defendants motion for sanctions under 28 U.S.C. § 1927 is denied without prejudice to being raised if warranted as set out above.

An appropriate order will be entered.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　WAVERLY D. CRENSHAW, JR.
　　　　　　　　　　　　　　　　　　Chief United States District Judge